# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

DEBORAH A. ISOM, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-06-283-SPS
 )
MICHAEL J. ASTRUE, )
Commissioner of the Social Security )
Administration, )
 )
        Defendant. )

## OPINION AND ORDER

The claimant Deborah A. Isom requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision is REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy[.]" *Id.* § 423(d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997), *citing Pacheco v. Sullivan*, 931 F.2d 695, 696 (10th Cir. 1991). The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record

---

[1] Step one requires the claimant to establish she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or an impairment "medically equivalent" to a listed impairment), she is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where the claimant must establish she does not retain the residual functional capacity (RFC) to perform her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work the claimant can perform existing in significant numbers in the national economy, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

as a whole, and "[t]he substantiality of [the] evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on March 6, 1966, and was thirty-nine (39) years old at the time of the administrative hearing. She has a tenth grade education and no past work experience. She alleges she has been unable to work since July 1, 2003 because of depression, reading problems, diabetes mellitus, pain, endometriosis, arthritis and fibromyalgia.

**Procedural History**

On July 15, 2003, the claimant filed an application for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. The application was denied. ALJ Larry M. Weber conducted a hearing and found that the claimant was not disabled on July 18, 2005. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. § 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He apparently found that the claimant's only severe impairments were her depression and her diabetes mellitus (Tr. 17), and that she retained the residual functional capacity ("RFC") to perform a substantial range of light work, *i. e.*, that she could: lift up to twenty pounds occasionally

and up to ten pounds frequently; stand, walk or sit up to six hours out of an eight hour work day; occasionally climb, balance, stoop, kneel, crouch, crawl and reach; and, frequently push and pull hand or foot controls, but she could not perform work involving any complex job instructions (Tr. 20). Although the claimant had no past relevant work, the ALJ concluded she was not disabled because there was work she could perform existing in significant numbers in the regional and national economies, *e. g.* unspecified cleaning and food preparation jobs (Tr. 21).

## Review

The claimant contends that the ALJ erred: (i) by failing to properly evaluate the medical evidence; (ii) by finding the claimant has the RFC to perform substantial gainful activity; and, (iii) by failing to properly analyze her credibility. Because the Court finds that the ALJ committed numerous errors in analyzing the evidence in the record, the decision of the Commissioner must be reversed and the case remanded for reconsideration *ab initio*.

First, the ALJ failed to evaluate the claimant's impairments according to the applicable standard. *See, e. g., Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997) (holding a finding of non-severity may be made only when the medical evidence establishes a slight abnormality or a combination of slight abnormalities which would not have any more than a minimal effect on an individual's ability to work). For example, he found that the claimant's diabetes mellitus was a severe impairment even though it had no effect on "her ability to engage in substantial gainful activity" but dismissed her fibromyalgia, arthritis and endometriosis because they did not impose limitations on her "ability to perform household

tasks or interfere with her ability to interact with others." (Tr. 17).² Second, the ALJ failed to properly analyze the weight he gave the medical opinions contained in the record. *See, e.g., Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate *every* medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion.") [internal citations omitted], *citing Goatcher v. Department of Health & Human Services,* 52 F.3d 288, 290 (10th Cir. 1995). For example, the ALJ stated that he gave the findings of a consultative psychologist (made some seven years before her onset date) "more weight" than those of her treating physician.³ *See, e. g., Robinson v. Barnhart*,

---

² It is not altogether clear whether the ALJ rejected these impairments as non-severe, as he continued to discuss them throughout the opinion. On remand, the ALJ should therefore specifically designate the impairments he finds to be severe and those he does not.

³ There was some question whether a medical source statement was prepared by the claimant's treating physician, a counselor or both (Tr. 273-74, 277, 279, 281). If the statement contained the findings of the claimant's treating physician, those findings were entitled to controlling weight analysis. *See, e. g., Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001) ("An ALJ is required to give controlling weight to a treating physician's well-supported opinion, so long as it is not inconsistent with other substantial evidence in the record."), *citing* 20 C.F.R. § 416.927(d)(2). But such analysis would not apply to findings made solely by a counselor. *Cf. Barnett v. Apfel*, 231 F.3d 687, 690 (10th Cir. 2000) (reports by other sources "are not entitled to the same significant weight as reports by a physician."). *See generally* 20 C.F.R. § 416.913(a) & (d) (distinguishing between "acceptable medical sources" and "other sources"). Thus, in order to determine the proper weight to give the findings in the medical source statement, the ALJ should have resolved any confusion over who authored (or joined in) the report by recontacting the claimant's treating physician. *See McGoffin v. Barnhart,* 288 F.3d 1248, 1252 (10th Cir. 2002) (addressing an ALJ's failure to give controlling weight to an opinion in part because of a mistaken belief it was not prepared by a treating physician and observing that "if the ALJ believed that the matter was open to question, he had an obligation under the applicable regulations to obtain additional information from Dr. Luc before rejecting the report outright."). *See generally* 20 C.F.R. § 416.912 (e)(1) ("We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the

366 F.3d 1078, 1084 (10th Cir. 2004) ("The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all."). Third, the ALJ failed to provide a proper analysis of the claimant's credibility and "affirmatively link" his findings to the evidence. *See, e. g., Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995), *quoting Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988) ("Findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."). The ALJ did not, for example, properly analyze the claimant's allegations of disabling pain in accordance with *Luna v. Bowen,* 834 F.2d 161 (10th Cir.1987). Fourth, despite noting that the claimant was obese, the ALJ failed to analyze whether her obesity affected her ability to perform basic work activities by itself or in combination with her other impairments. *See* Soc. Sec. Rul. 02-1p, 2000 WL 628049, at *6 ("Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment."). Fifth, although the ALJ concluded that the claimant could perform light work, he did not specify the evidence on which this conclusion was based or explain why he adopted this finding as opposed to work at any other exertional level.

The ALJ also failed to properly analyze the claimant's mental impairment. He did not, for example, employ the "special technique" applicable to such impairment and document his findings. *See* 20 C.F.R. § 416.920a(e)(2) ("At the administrative law judge

report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.").

hearing . . . the written decision must incorporate the pertinent findings and conclusions based on the technique."). Nor did he discuss the impact of the claimant's inability to read beyond the second grade level (other than to observe rather cryptically that she had "coping skills") or her GAF score of 50. *See, e. g., Lee v. Barnhart*, 117 Fed. Appx. 674, 678 (10th Cir. 2004) [unpublished opinion] ("A GAF score of fifty or less . . . *does* suggest an inability to keep a job.") [emphasis added], *citing Oslin v. Barnhart*, 69 Fed. Appx. 942, 947 (10th Cir. 2003) [unpublished opinion].

## Conclusion

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 25th day of September, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**